**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| GAIL McINTYRE, | ) | No. CV 06-4314 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Gail McIntyre was born on March 2, 1961, and was forty-four years old at the time of her administrative hearing. [AR 121, 460.] She has some college education and past relevant work experience as an accountant and bookkeeper. [AR 17.] Plaintiff

alleges disability on the basis of a lower lumbar disc bulge. [AR 24.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on July 10, 2006. On February 7, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR"). On May 7, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") under Title II of the Social Security Act on July 26, 2004, alleging disability since May 19, 2004. [JS 2.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on July 5, 2005, before Administrative Law Judge ("ALJ") James Moser. [AR 455.] The hearing was continued in order to obtain the testimony of an orthopedic specialist. [AR 457.] The continued hearing was held on September 2, 2005. [AR 460.] Plaintiff appeared with counsel, and testimony was taken from plaintiff, medical expert Michael Gurvey, and vocational expert Sandra Trost. [Id.] The ALJ denied benefits in a decision dated December 28, 2005. [AR 20.] When the Appeals Council denied review on May 12, 2006, the ALJ's decision became the Commissioner's final decision. [AR 5.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v.

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely degenerative disc disease (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 17-18.] Plaintiff was found to have an RFC for work at the light exertional level. [AR 19.] The vocational expert testified that a person with plaintiff's RFC could return to plaintiff's past relevant work as an accountant or bookkeeper (step four). [Id.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out three disputed issues:

1.   Whether plaintiff's impairment met or equaled the requirements of Listing 1.04 (Disorders of the Spine);

2.   Whether substantial evidence supported the ALJ's RFC evaluation; and

3.   Whether the ALJ properly evaluated plaintiff's credibility. [JS 5.]

As discussed below, Issues Two and Three are dispositive.

---

Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

**D.   ISSUE TWO: THE RFC DETERMINATION**

Plaintiff first reported experiencing severe pain in her lower back in December 2003. [AR 485.]  In January 2004, an MRI indicated that plaintiff had a moderate left paracentral disc protrusion at L5-S1. [AR 213.]  In May 2004, plaintiff underwent a series of epidural steroid injections to address her pain in her lower back and lower extremities. [AR 260, 264, 266.]

Plaintiff's treating physician during this period was Dr. Marina Raikhel. [AR 128.]  In June 2004, Dr. Raikhel referred plaintiff to a neurosurgeon, who examined plaintiff and considered the MRI before concluding that plaintiff had a "significant herniated disc" that was "actually improved since the onset." [AR 166.]  Plaintiff was advised to "continue with conservative measures" and lose weight, but to return to the neurosurgeon if her pain management program did not improve her symptoms. [Id.]  Plaintiff continued to complain of severe pain. [AR 322.]  In late 2004, Dr. Raikhel completed a functional capacity questionnaire stating that plaintiff could, among other things, sit for one hour in an eight-hour workday, stand for zero hours in an eight-hour workday and lift no weight. [AR 412.]  In October 2004, Dr. Raikhel added that plaintiff could not sit, stand or walk for more than thirty minutes at a time without severe pain and that she was "unable to work." [AR 331.]

During the administrative hearing, the medical expert, Dr. Gurvey, testified that plaintiff's condition did not meet or equal the requirements of Listing 1.04 (Disorders of the spine). [AR 465.]  Dr. Gurvey opined that plaintiff presented a case of "pain with minimal objective finding," based on plaintiff's normal neurological evaluation, a minimally abnormal MRI, and a lack of evidence, on the

whole, correlated to plaintiff's symptoms. [AR 468.]  In consideration of Dr. Raikhel's functional assessment, Dr. Gurvey noted that Dr. Raikhel was not an orthopedic specialist and that her evaluation was internally inconsistent. [AR 473-74, 477-78.]  Dr. Gurvey affirmed that the medical records were "not as strong as they should be" due to a lack of objective medical studies by orthopedic specialists and that an evaluation by an orthopedic surgeon or neurosurgeon would be appropriate. [AR 481-82.]  Based on the existing record, Dr. Gurvey opined that plaintiff could perform work at the light exertional level, including sitting, standing or walking for six hours in an eight-hour workday. [AR 468-69.]  The ALJ adopted Dr. Gurvey's RFC assessment in finding that plaintiff could still perform her past relevant work. [AR 19.]  Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because it was based on the opinion of Dr. Gurvey, a non-examining medical expert, and that Dr. Raikhel's opinion should have been credited. [JS 10-11, 14.]

   Ninth Circuit cases distinguish among the opinions of three types of physicians: those who treat the claimant (treating physicians), those who examine but do not treat the claimant (examining or consultative physicians), and those who neither examine nor treat the claimant (non-examining physicians).  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Although an administrative law judge is not bound by the uncontroverted opinions of the claimant's treating physician on the ultimate issue of disability, he cannot reject them without presenting clear and convincing reasons for doing so. Reddick, 157 F.3d at 725 (quoting Matthews v. Shalala, 10 F.3d at 678, 680 (9th Cir. 1984)); see also Lester, 81 F.3d at 830.  Even if a

7

treating physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830; see also Benecke v. Barnhart, 379 F.3d 587, 591 & n.1 (9th Cir. 2004). Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. Tonapetyan, 242 F.3d at 1148 (citing Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989)).

    Here, the adoption of Dr. Gurvey's opinion in the determination of plaintiff's RFC, based on the current record, was not supported by specific and legitimate reasons supported by substantial evidence in the record. Dr. Gurvey testified that his opinion was based on the existing record, but that the record was underdeveloped in one important respect: there were no objective findings correlated to plaintiff's subjective complaints of pain because no orthopedic specialist or neurosurgeon had recently examined plaintiff. [AR 481-82.] Dr. Gurvey further testified that such an evaluation would help clarify the correlation between plaintiff's subjective symptoms and the objective medical findings. [AR 482.] The record does not contain a consultative orthopedic examination of plaintiff, so the issue remains undeveloped. Under these circumstances, the RFC determination based on the current record was not supported by substantial evidence, and remand for the administration of an orthopedic consultative examination is appropriate. See Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2002)(acknowledging that the Commissioner "has broad latitude in ordering a consultative examination" but that "some kinds

of cases" require such examinations, including "those involving an ambiguity or insufficiency in the evidence that must be resolved")(citation and internal quotation marks omitted).

### E.   ISSUE THREE: PLAINTIFF'S CREDIBILITY

During the hearing, plaintiff gave testimony about her pain and its effect on her ability to work and do daily activities. [AR 485-95.]  Specifically, plaintiff testified that she spent workdays lying on the floor, needed help from family and friends to complete household chores, spent all day lying in bed, and could not lift any weight.  [AR 486, 487, 488.]  In the decision, the ALJ did not discuss plaintiff's testimony but stated only that her "allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." [AR 20.]  This evaluation is not sufficiently specific to satisfy the Ninth Circuit's standard for evaluation of subjective symptom testimony, and remand for further credibility findings is required.  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004)(credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony"); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001)(An ALJ must "specifically identify" the testimony found not credible and "explain what evidence undermines the testimony," and the evidence on which the ALJ relies must be "substantial"); see also SSR 96-7p, 1996 WL 374186 at *4 ("The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision.  It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not)

1  credible.'").

**F.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

**VI.   ORDERS**

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **REVERSED**.

2.   This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: September 24, 2007

```
                                  _____/S/_____
                                         CARLA M. WOEHRLE
                                   United States Magistrate Judge
```